1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11 | 12 | 13 | 14 | 15 | 16 | 17

| | |
|---|---|
| BENNY HUNTER, | ) Case No.: 1:13-cv-00559-JLT |
| Petitioner, | ) |
| | ) ORDER REQUIRING PETITIONER TO SUBMIT |
| | ) AN AMENDED PETITION |
| v. | ) |
| | ) THIRTY DAY DEADLINE |
| LISA GREEN, | ) |
| | ) ORDER DIRECTING CLERK OF THE COURT TO |
| Respondent. | ) SEND PETITIONER A FORM FOR FILING |
| | ) HABEAS CORPUS PETITION PURSUANT TO 28 |
| _____ | ) U.S.C. § 2254 |

18      Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on April 18, 2013.  (Doc. 1).

20                          **PROCEDURAL HISTORY**

21      A.   Procedural Grounds for Summary Dismissal.

22      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23      If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled
        to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
24      the petitioner.

25 The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

26 habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

27 or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed

28

1

without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9ᵗʰ Cir. 1971).

B.   Insufficient Information And Failure To State A Cognizable Habeas Claim.

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that ". . .'notice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner does not provide any information or allegations of fact to assist the Court in understanding the chronology of events and the factual context of Petitioner's complaints.  The result is that the Court has to guess at the facts.  It appears, based on Petitioner's meager explanation, that he is awaiting trial on pending criminal charges in the Superior Court for the County of Kern, that he has had (or is about to have) a preliminary hearing on the pending charges, that charges that were originally filed against Petitioner were dismissed and then re-filed, and that, Petitioner contends, he did not receive his preliminary hearing within the time period prescribed by state law.  (Doc. 1, p. 4). The Court, however, is not certain that these are the facts Petitioner is attempting to allege. [1]

In any event, such allegations, even if the Court has accurately described the facts as Plaintiff

---

[1] Petitioner apparently assumes that this Court has access to state court proceedings.  Petitioner is incorrect.  This is a federal court, not a state court.  As such, the Court has access to its own files and any documents or filings submitted to the Court as part of a legal proceeding.  Other than the information contained in those filings, the Court has no knowledge of, and indeed, no way of obtaining information about, state court criminal proceedings.  Accordingly, if Petitioner wants this Court to review an action of a state court, it is his responsibility to provide sufficient information about those proceedings to allow the Court to conduct its review. It is Petitioner's responsibility to provide an adequate record for this Court.  The Court will not guess at facts in order to assist Petitioner in crafting a cognizable habeas claim.

intends them, they fall short of articulating cognizable federal habeas corpus claims.  The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner appears to raise only state law claims, and, generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").   Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), quoting,

3

1   Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert.*

2   *denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas

3   relief). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do

4   not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

5        C.   Exhaustion of Remedies.

6        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

7   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

8   exhaustion doctrine is based on comity to the state court and gives the state court the initial

9   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

10  722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

11  Cir. 1988).

12       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

13  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

14  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

15  F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme

16  Court.  A federal court will find that the highest state court was given a full and fair opportunity to

17  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

18  basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715,

19  1719 (1992) (factual basis).

20       Additionally, the petitioner must have specifically told the state court that he was raising a

21  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

22  Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

23  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

24       Where none of a petitioner's claims has been presented to the highest state court as required by

25  the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154

26  (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a

27  mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to

28  petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner has alleged that he has filed a state habeas petition with the California Supreme Court; however, he has not provided any information regarding when he presented those claims and when the California Supreme Court denied them, nor has he provided copies of the orders denying his claims in the California Supreme Court or the petition itself, which would permit this Court to determine whether the claims presented in this petition were the same claims presented to the California Supreme Court.  Without this information, the Court cannot proceed.  In his amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims.

D.  Statute of Limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 18, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA's one-year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.

Here, Petitioner has provided no information whatsoever regarding the date or dates of the relevant state court proceedings, nor has he provided any transcripts of those hearings that the Court would require in order to review the evidence presented and the decisions made regarding those hearings. Accordingly, the Court cannot perform its screening function to determine whether the instant petition is timely under the AEDPA without first knowing **what** decision is being challenged and **when** that decision was made.

E.   Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21

6

1  F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or

2  parole officer and the official in charge of the parole or probation agency or state correctional agency.

3  Id.

4          Here, Petitioner has named Lisa Green, the Kern County District Attorney.   However, Lisa

5  Green is not the warden or chief officer of the institution where Petitioner is confined and, thus, does

6  not have day-to-day control over Petitioner.  Petitioner is presently confined at the Lerdo Jail, Kern

7  County, California.  The current director, sheriff, or warden of that facility is the person Petitioner

8  should name as Respondent.

9          Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

10  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

11  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

12  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to

13  name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026,

14  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

15  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394

16  F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

17          F.    Younger Abstention.

18          Petitioner is forewarned that if his criminal case has not concluded, including direct appeal to

19  the California Supreme Court, it is highly unlikely that this Court will consider reviewing his case at

20  this juncture because of the prohibitions contained in Younger v. Harris, 401 U.S. 37, 43-45 (1971).

21          As mentioned, the provisions contained in the AEDPA narrowly proscribe this Court's

22  authority to review state court convictions.  **However, a federal court should not interfere with**

23  **ongoing state criminal proceedings by granting injunctive or declaratory relief except under**

24  **special circumstances**.  Younger, 401 U.S. at 43-45; Samuels v. Mackell, 401 U.S. 66, 68- 69

25  (1971).  Younger and its progeny are based on the interests of comity and federalism that counsel

26  federal courts to maintain respect for state functions and not unduly interfere with the state's good faith

27  efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State

28  Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los

1   Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d

2   810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against

3   federal court interference with state court proceedings. Younger, 401 U.S. at 43.  Federal courts should

4   not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment.

5   Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense

6   are not the kind of special circumstances or irreparable harm that justify federal court intervention);

7   Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994).  Nor is federal

8   injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state

9   criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

10         The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine

11   whether abstention under the Younger doctrine is appropriate. Younger abstention is required when:

12   (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state

13   interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.

14   Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Delta Dental

15   Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

16   If these three requirements are met, the Court must also consider whether any of the narrow exceptions

17   to the Younger abstention doctrine apply.   The Court need not abstain if the state court proceedings

18   were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and

19   patently violative of express constitutional prohibitions."  Dubinka, 23 F.3d at 223 & 225; Lebbos,

20   883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not

21   abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d

22   at 225.

23         The first requirement is satisfied here because the state proceedings appear not to have been

24   concluded.   Indeed, it does not appear that a criminal trial has even been conducted in the state court

25   or that Petitioner has been convicted of any offense based on the charges being prosecuted against him

26   by the District Attorney. The second requirement is satisfied because an important state interest, that

27   of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is

28   at issue here. See Dubinka, 23 F.3d at 223. Finally, the third requirement is met because Petitioner can

1   address his federal constitutional claims within the state criminal justice system.

2          Cost, anxiety, and the inconvenience of criminal defense are not the kind of special

3   circumstances or irreparable harm that justify federal court intervention.  Younger, 401 U.S. at 46, 53-

4   54.  Where a district court finds Younger abstention appropriate as to a request for declaratory or

5   injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327,

6   348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  The rationale of Younger applies

7   throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted

8   before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975);

9   Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision,

10  state court proceedings are still considered pending).

11         Here, it appears that Plaintiff is seeking to have the Court intervene in an ongoing state

12  criminal prosecution.  This is precisely the type of circumstance to which the Younger doctrine was

13  intended to apply.  Plaintiff's original petition did not establish any exception to Younger abstention

14  that is applicable in this case, i.e., that the state court proceedings were undertaken for bad faith or for

15  purposes of harassment.   Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816.  Indeed, the state

16  criminal proceedings are currently pending and Plaintiff can raise those concerns within the context of

17  those state court proceedings, either by way of a state habeas corpus petition or petition for an

18  extraordinary state writ.  If the Court is mistaken, and Petitioner has already been convicted in the

19  Kern County Superior Court and has exhausted all of his state court remedies on his direct appeal or

20  collateral attack, then he should provide evidence of those facts in his first amended petition.

21         For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to

22  file an amended petition containing sufficient information for the Court to proceed with the case.

23         Accordingly, it is HEREBY ORDERED that:

24      1.  The instant petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is

25          GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST

26          AMENDED PETITION that is in compliance with this Order.  That document should be

27          entitled "FIRST AMENDED PETITON" to avoid confusion.  The original petition will be

28

entirely disregarded.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **May 3, 2013**                                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE