UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY HUNTER,<br><br>    Petitioner,<br><br>    v.<br><br>LISA GREEN,<br><br>    Respondent. | Case No.: 1:13-cv-00559-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO PROSECUTE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on April 18, 2013. (Doc. 1).

**PROCEDURAL HISTORY**

After conducting a preliminary screening of the habeas petition, the Court, on May 3, 2013, issued an order requiring Petitioner to file a first amended petition within thirty days. (Doc. 4). At that time, the Court express that it appeared from the allegations that Petitioner was in pre-conviction detention, that he had yet to be convicted of a criminal offense, that it was unclear what federal constitutional claims Petitioner was raising, that he had not alleged that he had previously exhausted his claims in state court, that the petition named an improper respondent, thus depriving the Court of jurisdiction, and that he had provided insufficient information for the Court to determine whether the petition was timely. The order to amend was promptly served on Petitioner. To date, over three months have passed, yet Petitioner has not responded to the Court's order to amend in any way.

# DISCUSSION

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 18, 2013.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order of May 24, 2005, expressly stated: "Petitioner is forewarned that his failure to comply with this order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule110."  (Doc. 4, p. 10).  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.  Moreover, Local Rule 110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may

be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

From the foregoing chronology and analysis, it is apparent that Petitioner has not prosecuted this case in good faith and with diligence, and is therefore in violation of the Court's own Local Rules as well as the minimum federal standards for prosecuting cases in the District Court. Accordingly, the Court will recommend that the petition be dismissed for failure to prosecute.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for Petitioner's failure to prosecute.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 8, 2013**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE